**STATE, Plaintiff-Appellee, v. CARTWRIGHT, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 301. Decided September 28, 1957.

Rollo M. Marchant, Pros. Atty., for plaintiff-appellee, contra the motion.

Eugene Yazel, Marion, for defendant-appellant, for the motion.

## OPINION

By THE COURT:

This case is submitted on motion of defendant-appellant for "leave to appeal on questions of law from the entry and final order set 'forth in the notice of appeal attached herewith * * *."

The notice of appeal is directed to "an entry and final order rendered by the Court of Common Pleas in the above entitled cause on the 16th day of July, 1957." The correct date of the filing of this entry appears to be July 15, 1957.

The notice of appeal was filed in the Common Pleas Court, August 15, 1957. It thus appears that the notice of appeal in any event was filed at least thirty-one days after the date of the order to which the notice of appeal is directed.

The order of the trial judge, of date July 15, 1957, was the overruling of a motion of defendant seeking leave to withdraw his plea of "guilty," entered without benefit of counsel, upon which sentence and judgment was pronounced, on the 22d day of April, 1955, and to enter a plea of "not guilty" for the following reasons: Six reasons are set out in the motion.

It will be observed that the notice of appeal is specific, and is directed to the action of the trial judge on the motion for leave to change defendant's plea and not to the sentence and judgment pronounced on defendant's plea of guilty on April 22, 1955.

Inasmuch as the notice of appeal was not filed within 30 days from the order to which the appeal is directed, leave to appeal is requisite to the presentation of the appeal.

Counsel for appellee in opposing the motion for leave to appeal directs attention to the statute, §2953.05 R. C., and asserts that defendant has failed to show cause why he should be granted leave to appeal.

He also cites §2943.03 R. C., which, in part, provides that "The Court may, for good cause shown, allow a change of plea at any time before the commencement of the trial."

We have examined the files in the case and find that the journal entry of July 15, 1957, wherein defendant's motion to withdraw his plea of guilty is overruled, also incorporates much of the factual development incident to the decision and order.

Appellant cites and relies upon **Brooks v. State, 17 Oh Ap 510,** where

the Court of Appeals for Perry County, Ohio, reversed the judgment and sentence of the trial judge in the trial of Brooks, who was charged with and convicted of the offense of murder in the first degree. The court held that Brooks who, without counsel, had pleaded guilty to the crime charged, was under the circumstances appearing, denied his legal rights in the failure of the trial judge to sustain Brooks' motion for leave to withdraw his plea of guilty and to enter a plea of not guilty. The case presents facts quite like those claimed by defendant in behalf of his motion in this case.

The distinguishing difference between the Brooks case and the instant case is that, in the former, the motion for leave to change the plea was made before sentence and judgment. Here the motion was made more than two years after sentence.

It should be observed that the issues attempted to be presented in this and in many similar proceedings emphasize the importance of the most diligent care on the part of the trial court in accepting a plea of guilty from a defendant who is without counsel.

First of all, even in a case where guilt may seem apparent, it is the positive duty of the court to explain carefully to the accused all his legal and constitutional rights, including especially his right to representation by counsel both before arraignment and at all subsequent stages of the case, to inquire as to defendant's wishes with respect to counsel and, if so requested, and if he finds defendant indigent, to appoint counsel for him. This obligation of the trial judge to inform an indigent defendant of his right to appointment of counsel to represent him, §2941.50 R. C., is prior to and different from the obligation to determine the propriety of accepting a plea of guilty and pronouncing sentence under §§2947.05, 2947.07 R. C. Of course, in any case the court will accept a plea of guilty only when convinced of the defendant's guilt.

The record now before us is not sufficient to enable us to pass upon these questions even if we were empowered to do so in the present proceeding.

If the relief sought by the present motion were granted, there would still remain unreversed and unmodified the judgment and sentence against the defendant, and no relief is presently sought with respect thereto.

The judgment and sentence having been entered at a term prior to the term within which the motion to change the plea was filed, a different procedure would be required to set it aside. The perplexing question as to what procedure, if any, might be effectively followed at this late date is not before us for solution.

Inasmuch as the relief sought in the motion would not, if sustained, accomplish a reversal of the sentence of defendant, it would serve no good purpose to grant the leave to appeal.

The motion for leave to appeal will be denied.

We note that counsel for defendant-appellant was criticised by the trial judge for his conduct in presenting the motion, but that the situation was cleared up by correspondence wherein counsel supplied an ex-

planation of his position, which explanation was apparently accepted by the trial judge as satisfactory.

We call attention to the fact that the entry criticising counsel remains unmodified. No doubt, the court, in fairness to counsel, will clarify the situation with respect to this matter, so that the record will properly reflect the true position of counsel, and the present view of the court.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.